```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

STEPHEN STOUTE,                     )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )    C.A. No. 20-10626-PBS
                                    )
JEANNETTE CINTRON WHITE, et         )
al.,                                )
                                    )
        Defendants.                 )
```

**ORDER**

**August 28, 2020**

Saris, D.J.

For the reasons stated below, the Court orders that this action be DISMISSED without prejudice.

Pro se litigant Stephen Stoute filed a motion for leave to proceed in forma pauperis and a civil complaint against the City of Chelsea, two of its employees, and a towing company. Stoute claims that the defendants wrongfully (1) attempted to "extort" money from him by "handing out presentments (tickets) to the Plaintiff for an allegedly invalid inspection sticker," Compl. ¶ 2; and (2) towed his car without a warrant after he failed to pay the tickets. Stoute asserted claims under 42 U.S.C. § 1983 for violations of his rights under the Fourth and Fourteenth amendments. He also asserted claims under 18 U.S.C. § 875 and 42 U.S.C. § 1981.

On July 15, 2020, the Court issued an order (ECF #8) in which the Court granted Stoute's motion for leave to proceed in forma pauperis and directed him to file an amended complaint within 35 days.  The Court found that Stoute's claim failed to state a claim upon which relief could be granted.

On July 24, 2020, Stoute filed a motion for recusal (ECF #9) and a motion to compel discovery (ECF #10).  In the motion for recusal, Stoute objects to the Court's conclusion that the complaint had not stated a claim upon which relief may be granted.  He also claims that the Court's actions were invalid because the undersigned was required, under 22 U.S.C. § 611, to register as a foreign agent but failed to do so.  He also claims that the Court appears to have "personal knowledge of the matter or leaked information that anyone would conclude as a bias," and "is acting as a lawyer defending the Defendants."  Mot. to Recuse ¶¶ 4-5.  In the motion to compel discovery, he asks the Court to provide proof of the undersigned's "Foreign Agent Registration Statement," oath of office, and "Anti-bribery statement."  Mot. to Compel at 1.

The Court will deny the Stoute's motions for recusal and to compel.  In determining that Stoute's complaint failed to state a claim upon which relief could be granted, the Court relied solely on the factual matter set forth in the pleading.  Stoute

2

has not set forth any basis for which the impartiality of the undersigned "might reasonably be questioned," 28 U.S.C. § 455(a), or for recusal based on any of the circumstances enumerated in 28 U.S.C. § 455(b).  Further, Stoute's assertion that the undersigned is an agent of a foreign principal is without any basis.

The deadline for Stoute to file an amended complaint was August 19, 2020.  He has not filed an amended complaint, and nothing in the motions he filed on July 24, 2020 changes the Court's conclusion that he failed to state a claim upon which relief may be granted.

Accordingly:

1. This motions for recusal and to compel are DENIED.

2. For the reasons stated in the Court's July 15, 2020 order, this action is DISMISSED without prejudice for failure to state a claim upon which relief may be granted.  This action is also DISMISSED without prejudice for failure to comply with the Court's order to file an amended complaint.

SO ORDERED.

    /s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE